UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HPB INVESTMENTS, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>MARIA SALAS,<br><br>    Defendant. | Case No. 16-cv-01589-PSG<br><br>**REPORT AND RECOMMENDATION REMANDING SUA SPONTE AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Re: Docket No. 3)** |

Plaintiff HPB Investments, LLC initiated this unlawful detainer action in state court.[1] Defendant Maria Salas subsequently removed the case to federal court[2] and at the same time filed a motion to proceed in forma pauperis.[3] Salas has not consented to magistrate judge jurisdiction,[4] so this matter will be reassigned to a district judge. The court recommends that the case be remanded for lack of subject matter jurisdiction[5] and Salas' motion to proceed in forma pauperis be denied as frivolous.[6]

---

[1] *See* Docket No. 1-1.

[2] *See* Docket No. 1.

[3] *See* Docket No. 3.

[4] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 72(a).

[5] *Cf. 3925 Alameda Prop. LLC v. Brainerd*, Case No. 12-cv-4924-EMC, 2012 WL 5199170, at *2 (N.D. Cal. Oct. 22, 2012); *Compass Bank v. Goble*, Case No. 12-cv-1885-WQH, 2012 WL 3229155, at *2 (S.D. Cal. Aug. 3, 2012); *Louden, LLC v. Pajarillo*, Case No. 12-cv-2638-EMC, 2012 WL 3155151, at *1 (N.D. Cal. Aug. 2, 2012); *Bank of Am., Nat'l Ass'n v. Soliven*, Case No. 10-cv-1844-IEG, 2010 WL 3636260, at *2 (S.D. Cal. Sept. 14, 2010).

[6] *Cf. Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Hoke v. Arpaio*, 92 F.3d 1192, 1192 (9th Cir.

1  If the party applying to proceed in forma pauperis has filed a pleading or petition that is legally frivolous, the court should deny the application and dismiss the action.[7] A submission is "frivolous" for IFP purposes and therefore subject to summary dismissal under § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact."[8]

In her notice of removal pursuant to 28 U.S.C. § 1446, Salas asserts that there is federal question jurisdiction over the case because her answer "depend[s] on the determination of [her] rights and [HPB]'s duties under federal law."[9] Her position lacks merit. Federal question jurisdiction depends on the contents of the plaintiff's well-pleaded complaint and may not be predicated on the defendant's counterclaims or defenses.[10] Here, HPB's complaint asserts a claim based on state law only—that is, unlawful detainer.[11] This is insufficient to support federal question jurisdiction. Salas' removal is legally frivolous, and this case should be dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

Dated: March 31, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

1996).

[7] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

[8] *Neitzke*, 490 U.S. at 325; *Hoke*, 92 F.3d at 1192.

[9] Docket No. 1 at 2-3.

[10] *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 830-32 (2002); *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality,* 213 F.3d 1108, 1113 (9th Cir. 2000).

[11] *See* Docket No. 1-1.

2
Case No. 16-cv-01589-PSG
REPORT AND RECOMMENDATION REMANDING SUA SPONTE AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS